**Gwek Tju TEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–70154.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 20, 2007 *.

Filed Jan. 24, 2008.

Cindy S. Chang, Law Offices of Cindy S. Chang, Monterey Park, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thomas H. Tousley, Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

**MEMORANDUM**

Gwek Tju Ten, a native and citizen of Indonesia, petitions for review of a final decision by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of asylum and withholding of removal. The IJ ruled that although Ten's testimony was credible, the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

events and incidents she described do not amount to past persecution or give rise to an objectively reasonable fear of future prosecution. We deny the petition for review.

## DISCUSSION

To establish her eligibility for asylum, Ten was required to prove she suffered actual past persecution or had a well-founded fear of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir.2007) (en banc). For withholding of removal, she had to show it is more likely than not she would be subjected to persecution if she returned to Indonesia. *Kohli v. Gonzales*, 473 F.3d 1061, 1070 (9th Cir.2007). Ten's experiences in Indonesia do not amount to the type of past persecution that would make her eligible for relief. *See id.* (noting persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive") (internal quotation omitted). The general discrimination and harassment she suffered as a Chinese Christian in Indonesia, is not sufficient to *compel* a conclusion that she suffered past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (noting "it is significant that Nagoulko never suffered any significant physical violence").

Ten also failed to establish she has an objective fear of future persecution. As we recently explained, "harassment, discrimination, and sporadic violence may be a fear shared by millions of ethnic Chinese Christians in Indonesia," but such fear is not sufficient to establish a well-founded fear of future persecution. *Lolong*, 484 F.3d at 1181. Moreover, Ten did not leave Indonesia when she was given that opportunity by her employer. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000) (noting petitioner remained for two years after an alleged incident). Ten's family has not been harmed or persecuted even though her sisters continue to practice their Christian religion. *See Hakeem v. INS*, 273 F.3d 812, 817 (9th Cir.2001) (noting remaining family members were never "charged, arrested or physically harmed" for practicing their religion). Finally, notwithstanding "the long history of ethnic and religious strife in Indonesia," the State Department reports indicate the Indonesian Government has made a "commitment to freedom of religion" and has taken "concrete steps to suppress ethnic and religious violence and to encourage reconciliation between opposing groups." *See Lolong*, 484 F.3d at 1180–81 (internal quotation omitted).

*Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004), does not compel a contrary result. In *Sael*, we reviewed "Indonesia's history of anti-Chinese violence and official discrimination" and concluded the Chinese minority is "at least a disfavored group" whose members, particularly Christians, "could have a well-founded fear of persecution in Indonesia." *Id.* at 927 (internal quotations omitted). Because Sael was both Chinese and Christian, she was required to "demonstrate a 'comparatively low' level of individualized risk in order to prove that she has a well-founded fear of future persecution." *Id.* She did this by testifying "credibly at her asylum hearing about various incidents of discrimination, harassment, and threats to her safety." *Id.* Specifically, she recounted that her house was stoned, her car was broken into and destroyed, she was chased by rioters, and threatened personally with physical harm. *Id.* at 927–28. Ten did not suffer this type of individualized persecution. Rather, other than general discrimination and harassment, she was only a witness to the events that gave rise to her claim of future persecution. *Lolong* makes clear there must be a showing of an individual-

ized risk of persecution in contrast to a "general, undifferentiated claim...." *Lo-long,* 484 F.3d at 1179.

Finally, we reject Ten's claim that her due process rights were violated because the IJ did not give her an opportunity to correct or explain any flaws in the record and because the IJ relied upon generalized State Department reports rather than requesting an advisory opinion based upon her particular circumstances. Ten did not raise these issues before the BIA and thus she failed to exhaust her administrative remedies. *See Morgan v. Gonzales,* 495 F.3d 1084, 1090 n. 2 (9th Cir.2007) (explaining exhaustion is required for procedural due process claims).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.